﻿Citation Nr: AXXXXXXXX
Decision Date: 09/30/20 Archive Date: 09/30/20

DOCKET NO. 191217-50208
DATE: September 30, 2020

REMANDED

Entitlement to a compensable rating for migraine headaches is remanded.

Entitlement to a rating in excess of 10 percent for mechanical low back pain syndrome is remanded.

REASONS FOR REMAND

The Veteran served on active duty in the United States Army from October 1975 to March 1976, and in the United States Navy from March 1977 to March 1981, June 1981 to July 1989, and June 1994 to January 1997.

This matter comes before the Board of Veterans’ Appeals (Board) from a November 2019 Appeals Modernization Act (AMA) rating decision by a Department of Veterans Affairs (VA) Regional Office (RO).   

In December 2019, the Veteran filed a notice of disagreement in which she requested direct review. As this is a Direct Review appeal under the AMA, the record closed on the date of notice (November 22, 2019) of the November 2019 rating decision. 

1. Entitlement to a compensable rating for migraine headaches is remanded.

The Veteran was afforded a VA examination in October 2019 to evaluate the current severity of her condition. The examiner noted the Veteran complained of throbbing headaches on the left side of her head that occurred 2-3 times a week, lasting 1-2 hours each. However, June 2016 VA treatment records show the Veteran reported more severe symptoms, including daily migraine headaches that last more than 3 hours and did not go away after sleeping. A Veteran is competent to report symptoms that are capable of lay witness observation. See Layno v. Brown, 6 Vet. App. 465, 469 (1994). It does not appear that the VA examiner’s assessment reflects consideration of the Veteran’s complaints contained in her treatment records. Therefore, the VA examination is inadequate to this extent, and an addendum opinion must be obtained. 

The Board finds this is a pre-decisional duty to assist error and must be corrected on remand.  

2. Entitlement to a rating in excess of 10 percent for mechanical low back pain syndrome is remanded.

In reviewing the adequacy of the existing VA examination reports, certain range of motion testing must be conducted whenever possible in cases of joint disabilities. 38 C.F.R. § 4.59; Correia v. McDonald, 28 Vet. App. 158 (2016). “[T]he joints involved should be tested for pain on both active and passive motion, in weight-bearing and non-weight-bearing and, if possible, with the range of the opposite undamaged joint.” Correia, 28 Vet. App. 158. An additional relevant opinion pertaining to flare-ups was also issued by the Court in Sharp v. Shulkin, 29 Vet. App. 26 (2017). Also, the VA must analyze the evidence of pain, weakened movement, excess fatigability, or incoordination and determine the level of associated functional loss in light of 38 C.F.R. § 4.40, which requires the VA to regard as “seriously disabled” any part of the musculoskeletal system that becomes painful on use. DeLuca v. Brown, 8 Vet. App. 202 (1995)

The October 2019 VA examination does not comply with DeLuca. The active and passive motion, and weight-bearing and non-weight-bearing were all included, or explained why they could not be tested, in the examination. However, the examiner noted the Veteran had pain on forward flexion during the initial range of motion testing, but did not specifically indicate the degree at which pain occurred. As such, a remand is necessary to afford the Veteran another VA examination for her service-connected mechanical low back pain syndrome. 

The matters are REMANDED for the following action:

1. Obtain an addendum opinion to evaluate the severity of the Veteran’s migraine headaches. The claims folder must be made available to and reviewed by the examiner. 

The Veteran has requested any examinations to be conducted at a VA contracted facility near Jacksonville, Florida to reduce her commute. If a new examination is required, please try to accommodate this request.

The examiner must consider and address the Veteran’s lay statements, including her symptoms reported in June 2016 VA treatment records that she had daily migraine headaches that last more than 3 hours and did not go away after sleeping, and her symptoms reported in December 2019 correspondence that she has migraine headaches more than two times a week, that last 2-3 days, are prostrating and severe, frequently restrict activities, and require prescription medication. 

2. Schedule a new examination to evaluate the severity of the Veteran’s mechanical low back pain syndrome. 

The Veteran has requested any examinations to be conducted at a VA contracted facility near Jacksonville, Florida to reduce her commute. Please try to accommodate this request. 

The claims folder must be made available to and reviewed by the examiner. The examiner should note in the examination report that the claims folder has been reviewed. All indicated studies, including x-rays should be performed.

In reporting the results of range of motion testing, the examiner should identify any objective evidence of pain, AND the degree at which pain begins.

The examiner should record the results of range of motion testing for pain on active motion, passive motion, weight-bearing, and non-weight-bearing in light of Correia. If the examiner is unable to conduct the required testing or concludes that the required testing is not necessary in this case, he or she should clearly explain why that is so.

The examiner should also express an opinion concerning whether there would be additional functional impairment on repeated use or during flare-ups assessed in terms of the degree of additional range of motion loss. In regard to flare-ups (pursuant to Sharp v. Shulkin), if the Veteran is not currently experiencing a flare-up, based on relevant information elicited from the Veteran, review of the file, and the current examination results regarding the frequency, duration, characteristics, severity, and functional loss regarding her flares, the examiner is requested to provide an estimate of the Veteran’s functional loss due to flares expressed in terms of the degree of additional range of motion lost, or explain why the examiner cannot do so. [The Board recognizes the difficulty in making such determinations but requests that the examiner provide his or her best estimate based on the examination findings and statements of the Veteran.]

 

 

TANYA SMITH

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board A. Papacalos, Law Clerk

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.